UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ESTHER SILBERMAN,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Civil Action No.: _____<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Esther Silberman ("Plaintiff") brings this action against defendant Equifax Information Services, LLC ("Equifax" or "Defendant") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681, *et seq.* Defendant Equifax has been reporting account balance and past due information on Plaintiff's credit reports. Although Plaintiff disputed the reporting in writing as inaccurate, Defendant failed to investigate Plaintiff's claims, failed to mark the disputed account as disputed, and failed to update the reporting as necessary. Plaintiff was later denied an extension of credit based on information contained in Plaintiff's Equifax report, and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

**JURISDICTION AND VENUE**

2. The claims asserted in this complaint arise under §§1681e and 1681i of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

**PARTIES**

4. Plaintiff resides in Brooklyn, New York, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1681a(c). Plaintiff is an individual.

5. Defendant Equifax is a domestic limited liability company that maintains its principle place of business in this state and regularly conducts business in this judicial district. Equifax qualifies as a "consumer reporting agency" under the FCRA.

**SUBSTANTIVE ALLEGATIONS**

**The FCRA**

6. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. §1681a (emphasis added).

7. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable procedures to maintain compliance with this minimum reporting standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies.

8. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

9. Defendant compiles, maintains, and reports information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

10. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Defendant Violated the FCRA and Harmed Plaintiff**

11. Defendant sold credit reports containing account balance and past due information concerning Plaintiff's Nordstrom's credit card account issued to Plaintiff by non-defendant T.D. Bank, N.A. that Plaintiff disputed as inaccurate.

12. On or about January 9, 2020, Plaintiff sent a letter to Defendant disputing the accuracy of Defendant's reporting of the account. In the dispute letter, Plaintiff specifically asked Equifax to mark the account as disputed so the erroneous information would not adversely affect her credit score.

13. The receipt of Plaintiff's dispute letter triggered an obligation for Defendant to conduct an investigation, mark the account as disputed, and update the reporting as necessary.

14. Equifax, however, failed to conduct an investigation, failed to mark the account as disputed, and failed to update the reporting as necessary.

15. Plaintiff was later denied the extension of further credit on the basis of her Equifax report, which included the inaccurate reporting.

**Equifax Failed to Maintain Adequate Policies and Procedures**

16. Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports it published.

17. Upon receiving Plaintiff's dispute, Defendant was legally required, but failed, to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, correct or remove any inaccurate information following the performance of the reasonable investigation.

18. Accordingly, Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit. In addition, Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

## CAUSES OF ACTION

## COUNT I

### Against Equifax for Violations of the FCRA, 15 U.S.C. §§1681e and 1681i

19. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

20. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.
>
> 15 U.S.C. §1681e(b) (emphasis added).

21. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added)

22. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

- 5 -

*Id.* §1681i(a)(2) (emphasis added).

23. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, failed to mark the reporting as disputed, and failed to update the reporting as necessary.

24. Equifax's willful and/or negligent failure to follow reasonable policies and procedures, failure to perform a reasonable investigation, failure to mark the account as disputed and failure to update the disputed information was a direct and proximate cause of Plaintiff's injury.

25. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorneys' fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

- 7 -

DATED:  December 17, 2020                **THE OAKS FIRM**

                                                    */s/ Misty Oaks Paxton, Esq.*
                                        MISTY OAKS PAXTON, ESQ.
3895 Brookgreen Point
Decatur, Georgia 30034
Tel:  (404) 725-5697
attyoaks@yahoo.com

Of Counsel:

EDWARD Y. KROUB
MOSHE O. BOROOSAN (*pro hac vice* forthcoming)
**COHEN & MIZRAHI LLP**
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11223
Telephone:  929/575-4175
Fax: 929/575-4195
edward@cml.legal
moshe@cml.legal